IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LEE HAWKINS,**

      **Petitioner,**

  v.

**WARDEN, ROSS CORRECTIONAL INSTITUTION,**

      **Respondent.**

**CASE NO. 2:15-CV-02743**
**JUDGE JAMES L. GRAHAM**
**Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

On May 31, 2016, the Magistrate Judge issued an *Order and Report and Recommendation* denying Petitioner's *Motion for Leave to Conduct Discovery and to Expand Record* (ECF No. 10), and recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed.  (ECF No. 11.)  Petitioner has filed an *Objection* to the Magistrate Judge's *Order and Report and Recommendation*.  (ECF No. 12.)  Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the reasons that follow, Petitioner's *Objection* (ECF No. 12) is **OVERRULED**.  The *Order and Report and Recommendation* (ECF No. 11) is **ADOPTED** and **AFFIRMED**.  Petitioner's *Motion for Leave to Conduct Discovery and to Expand Record* (ECF No. 10) is **DENIED**.  This action is hereby **DISMISSED.**

This case involves Petitioner's convictions after a jury trial in the Gallia County Court of Common Pleas on aggravated murder, tampering with evidence, and abuse of a corpse.  Petitioner was sentenced to life in prison without the possibility of parole.  The Ohio Fourth District Court of Appeals affirmed the judgment of the trial court.  *State v. Hawkins*, No. 13CA3, 2014 WL 1339804 (Ohio App. 4th Dist. March 21, 2014).  Petitioner did not file an appeal.  The

Ohio Court of Appeals also denied Petitioner's application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). (ECF No. 9-1, PageID# 190.) The Ohio Supreme Court declined to accept jurisdiction of the appeal. (PageID# 210.) Petitioner asserts in these proceedings that he was denied the effective assistance of counsel because his attorney failed to object to admission of gruesome details and photographs of the decedent's body (claim one), and that he was denied the effective assistance of appellate counsel based on his attorney's failure to raise the issue on direct appeal (claim two). Petitioner seeks expansion of the record to include a copy of all the photographs admitted against him at trial. The Magistrate Judge denied this request, and recommended dismissal of claim one as procedurally defaulted and claim two as without merit. Petitioner objects to the recommendations of the Magistrate Judge, and to the denial of his request for expansion of the record.

According to Petitioner, he cannot rebut the presumption of correctness afforded the factual findings of the state appellate court and thereby establish he is entitled to relief unless the Court expands the record to include copies of such photographs, which he cannot obtain without the assistance of the Court in view of his *pro se* indigent status. Petitioner asserts that the denial of his motion for expansion of the record therefore constitutes a denial of due process. Petitioner argues that the record is not complete, and this Court cannot properly determine whether the state appellate court erroneously denied his Rule 26(B) application, without copies of the photographs admitted against him.

However, the record does not support Petitioner's arguments. Petitioner waived his claim of the denial of the effective assistance of trial counsel by failing to raise the claim on direct appeal, where he was represented by new counsel. As cause for this procedural default, Petitioner claims the denial of the effective assistance of appellate counsel. The state appellate

court rejected such claim on the merits, because Petitioner had failed to identify any inadmissible evidence presented at trial.  The state appellate court held that Ohio law permits admission of the type of photographs complained of.  *See Entry Denying Application to Reopen Direct Appeal* (ECF No. 9-1, PageID# 190-95).  This Court is bound by that determination.  *See Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (this Court must "defer to a state court's interpretation of its own rules of evidence and procedure") (citations omitted); *Bennett v. Warden, Lebanon Corr. Inst.*, 782 F.Supp.2d 466, 478 (S.D. Ohio March 15, 2011) ("[T]he state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters.") (citing *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to re-examine state-court determinations on state law questions.")).  Moreover, the state appellate court's decision did not rest on any factual finding regarding the content of the photographs at issue.  This Court's review of the copies of the photographs at issue therefore will not assist him in establishing he is entitled to relief.

For these reasons, and for the reasons detailed in the Magistrate Judge's *Order and Report and Recommendation*, Petitioner's *Objection* (ECF No. 12) is **OVERRULED.**  The *Order and Report and Recommendation* (ECF No. 11) is **ADOPTED** and **AFFIRMED**. Petitioner's *Motion for Leave to Conduct Discovery and to Expand Record* (ECF No. 10) is **DENIED**.  This action is hereby **DISMISSED.**

    **IT IS SO ORDERED.**

Date: November 2, 2016                           _____s/James L. Graham_____
                                                         JAMES L. GRAHAM
                                                         United States District Judge