**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**LEE HAWKINS,**

      **Petitioner,**

      **v.**

**WARDEN, ROSS
CORRECTIONAL INSTITUTION,**

      **Respondent.**

      **CASE NO. 2:15-CV-02743
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth A. Preston Deaverse**

## OPINION AND ORDER

On November 2, 2016, *Judgment* was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and denying Petitioner's *Motion for Leave to Conduct Discovery and to Expand Record.* This matter is before the Court on Petitioner's November 22, 2016, *Notice of Appeal* (ECF No. 15), which the Court construes as a request for a certificate of appealability. For the reasons that follow, Petitioner's request for a certificate of appealability is **DENIED.**

Petitioner challenges his convictions after a jury trial in the Gallia County Court of Common Pleas on aggravated murder, tampering with evidence, and abuse of a corpse. He asserts that he was denied the effective assistance of counsel because his attorney failed to object to admission of photographs of the decedent's body (claim one), and that he denied the effective assistance of appellate counsel based on his attorneys failure to raise the issue on appeal (claim two). He requested expansion of the record to include a copy of all the photographs admitted against him at trial. The Court denied that request, and dismissed Petitioner's claims as procedurally defaulted and without merit.

"In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.) The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n.4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

Petitioner waived his claim of the denial of the effective assistance of counsel by failing to raise the claim on direct appeal, where he was represented by new counsel. Petitioner failed to

establish cause for his procedural default on the basis of the denial of the effective assistance of appellate counsel, as the record failed to indicate that any evidence, including photographs of the alleged victim, were admitted in violation of Ohio law. This Court defers to a state court's interpretation of its own rules of evidence and procedure. *See Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (citations omitted).

Therefore, this Court is not persuaded that reasonable jurists would debate whether the Court properly dismissed Petitioner's claims as procedurally defaulted or as lacking in merit, or improperly denied his request for expansion of the record. Petitioner's request for a certificate of appealability therefore is **DENIED**.

**IT IS SO ORDERED**.

Date: November 30, 2016 _____s/James L. Graham_____
JAMES L. GRAHAM
United States District Judge